24-1703-cr
United States v. Crawford

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand twenty-five.

PRESENT: RAYMOND J. LOHIER, JR.,
            SUSAN L. CARNEY,
            MYRNA PÉREZ,
               *Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

       *Appellee,*

   v.                                       No. 24-1703-cr

KEVIN CRAWFORD,

       *Defendant-Appellant.*

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:      JAY S. OVSIOVITCH, Federal Public Defender's Office, Western District of New York, Rochester, NY

FOR APPELLEE:      TARA MCGRATH, Assistant United States Attorney (Amy Busa, Robert M. Pollack, Assistant United States Attorneys, *on the brief*), *for* John J. Durham, United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Kevin Crawford appeals from a judgment of conviction entered on June 14, 2024 in the United States District Court for the Eastern District of New York (Chen, *J.*) following a guilty plea to one count of bank robbery in violation of 18 U.S.C. § 2113(a). The District Court sentenced Crawford principally to 84 months' imprisonment to be followed by three years of supervised release. Crawford challenges his sentence on the ground that the District Court violated his right to be present at sentencing by removing him from the courtroom for

2

disruptive behavior without providing audio or video access from his holding cell and sentencing him in absentia. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Because Crawford's counsel failed to object to the District Court's decision to proceed in Crawford's absence after his removal from the courtroom, we review for plain error. *See United States v. Barrett*, 102 F.4th 60, 86 (2d Cir. 2024).

"Under both the Constitution and Federal Rule of Criminal Procedure 43(a)(3), a criminal defendant has the right to be present during sentencing." *United States v. Leroux*, 36 F.4th 115, 120 (2d Cir. 2022) (quotation marks omitted). A defendant who has pleaded guilty may waive this right "when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom." Fed. R. Crim. P. 43(c)(1)(C); *see also United States v. Tureseo*, 566 F.3d 77, 83 (2d Cir. 2009) (observing that a defendant may waive his "constitutional and statutory right to be present" by "behaving in a disruptive manner during trial"). For such a waiver to be valid, the defendant must be competent at the time it is made, and the waiver must be knowing and

3

voluntary. *United States v. Nichols*, 56 F.3d 403, 413 (2d Cir. 1995).

With these principles in mind, we conclude that the District Court did not plainly err in determining that Crawford waived his right to be present.

First, the District Court found that Crawford was competent based on its own observations during the sentencing proceedings, the most recent competency evaluation conducted by a forensic psychologist at the time of the finding, and defense counsel's representations at sentencing. The District Court's finding as to Crawford's competence is entitled to deference. *See United States v. Kirsh*, 54 F.3d 1062, 1070 (2d Cir. 1995).

Second, we see no error in the District Court's finding that Crawford's waiver was knowing. "[O]nly minimal knowledge on the part of the accused is required when waiver is implied from conduct." *Nichols*, 56 F.3d at 416. The District Court repeatedly warned Crawford that continued disruptions would result in his removal. Crawford had also been removed from numerous prior proceedings for similar behavior and thus understood the consequences of his actions.

Third, we also find no fault with the District Court's finding that Crawford's waiver was voluntary. The District Court found that Crawford's

4

outbursts were "predictable . . . because when [he] doesn't like what's happening, he has historically acted out in this manner." App'x 204. The District Court's finding was supported by Crawford's competency evaluations and the fact that Crawford's disruptive behavior began only after Crawford was informed that he likely would face a custodial sentence. And even significant mental health issues and disruptive courtroom behavior do not preclude a valid waiver when the district court determines such behavior is "deliberate," "calculated," or "fakery." *Nichols*, 56 F.3d at 411–13. We see no reason to disturb the District Court's finding. *See id.* at 412–13.

Finally, although district courts should as a matter of good practice ensure that removed defendants can communicate with counsel and observe proceedings "as far as technologically possible in the circumstances," *see Illinois v. Allen*, 397 U.S. 337, 351 (1970) (Brennan, *J.*, concurring), the District Court's failure to accommodate Crawford with an alternative means of participation did not constitute plain error. After his removal, the District Court intended to have Crawford view the remainder of the proceedings by video feed. But it was entitled in this case to rely on the emergency assessment of the United States Marshals Service that Crawford needed to be placed in an isolation room, which

5

did not have a video connection, for the safety of himself and others.    *See Jones v.*

*Murphy*, 694 F.3d 225, 242 (2d Cir. 2012).

      We have considered Crawford's remaining arguments and conclude that

they are without merit.   For the foregoing reasons, the judgment of the District

Court is AFFIRMED.

                    FOR THE COURT:
                    Catherine O'Hagan Wolfe, Clerk of Court

6